UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERNESTO GARCIA, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                    **COMPLAINT**

                Plaintiff,

                    **Docket No.:**  22-cv-3358

      -against-

                    **Jury Trial Demanded**

FRENSCO BUILDING PRODUCTS CORP.,
and FRENSCO INC., and DANIEL PHUA, individually,

                Defendants.
-------------------------------------------------------------------X

      ERNESTO GARCIA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against FRENSCO BUILDING PRODUCTS CORP. ("Frensco Building"), and FRENSCO INC. ("Frensco"), and DANIEL PHUA, individually, (all three, together where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

      1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's

pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run a New York City-based company that is a wholesale distributor of building materials, and the enterprise's owner and day-to-day overseer - - as a forklift driver and laborer, from July 7, 2011, through November 2, 2021, at Defendants' Queens and Brooklyn locations.  As described below, throughout Plaintiff's employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to Governor Andrew M. Cuomo's executive tolling orders, through the end of Plaintiff's employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL, or the minimum wages due to him under the NYLL.  Specifically, throughout the Relevant Period, Defendants routinely required Plaintiff to work, and Plaintiff did work, beyond forty hours in a workweek, yet Defendants paid Plaintiff a flat weekly salary for all hours that he worked each week, which from the beginning of the Relevant Period until mid-March 2020, fell below the New York City minimum wage rate when computed on an hourly basis, and which did not include overtime premiums at the statutorily-required rate of one and one-half times his regular rate, or one and one-half times the minimum wage, when greater, for any hours that Plaintiff worked over forty in a week.

3.      Defendants further violated the NYLL and the NYCRR by failing to: provide Plaintiff with a spread-of-hours premium of one hour's pay at the minimum wage on those days

when Plaintiff's shifts exceeded ten hours from beginning to end from the beginning of the Relevant Period until mid-March 2020; and by failing to provide Plaintiff with any wage statement on each payday, let alone an accurate one.

4.      Defendants paid and treated all of their non-managerial forklift drivers and laborers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.      At all times during the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9.     At all relevant times, Defendant Frensco Building was and is a New York corporation with its principal place of business located at 51-41 59th Place, Woodside, New York 11377.

10.    At all relevant times, Defendant Frensco was and is a New York corporation with its principal place of business located at 127-137 Classon Avenue, Brooklyn, New York 11205.

11.    At all relevant times, Defendants Frensco Building and Frensco, while distinct legal entities, together operated as a single business enterprise engaged in the wholesale distribution of building materials, with centralized control of the business and labor operations located at 51-41 59th Place in Woodside.  Indeed, Defendants employ common management to personally supervise employees and distribute their pay, employ common employees, and there is common ownership and financial control with respect to business revenue, employee wages, and the operation of the business, as both entities are entirely controlled by Defendant Phua.

12.    At all relevant times, to that end, Defendant Phua was and is the owner and day-to-day overseer of Frensco Building and Frensco, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff.

13.    At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Further, at all relevant times, Defendants employed eleven or more employees, and thus are a "large employer" within the meaning of the NYLL and NYCRR.  Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees,

operate a business that purchases numerous products that have moved across state lines, such as various metals, lumber, and construction equipment, service clients in states other than New York, and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a forklift driver or laborer, or in another similar position, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times herein, Defendants were and are aware of the requirement to pay their non-exempt employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet

they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff lodged numerous complaints, specifically to Defendant Phua, that Defendants did not pay him for his overtime hours worked in accordance with the law, but Defendants continued not to pay him overtime.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

18.     Defendants are two nominally distinct entities that operate as a single enterprise, which as described above, together buy, sell, and distribute building materials throughout New York City from Defendants' Queens and Brooklyn locations.

19.     Defendant Phua is Frensco Building's and Frensco's owner and day-to-day overseer, who controls the terms and conditions of employment for all of those entities' employees, in that he has and exercises the power to hire and fire all employees, supervises and controls employee work schedules and locations, determines the rate and method of wages paid to all employees, and is responsible for maintaining employment records.  To that end, Phua personally hired Plaintiff, set Plaintiff's rate of pay, determined his weekly schedule, and maintained or should have maintained Plaintiff's employment records.

20.     Plaintiff worked for Defendants as a non-managerial forklift driver and laborer from July 7, 2011, through November 2, 2021.

21.     In that role, Plaintiff's primary job duties consisted of unloading building materials from truck trailers, placing the materials in the yard, preparing materials to be sent out, and performing other manual tasks around the warehouse such as pouring concrete and welding.

6

22.     Throughout his employment, Defendants required Plaintiff to split his shift between Defendants' Queens and Brooklyn locations.  Thus, virtually every workday throughout Plaintiff's employment, Plaintiff began his work at Defendants' Brooklyn location, traveled to Defendants' Queens location mid-day, and returned to Defendants' Brooklyn location mid-afternoon to complete his workday thereafter.

23.     From the beginning of the Relevant Period until mid-March 2020, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, Monday through Saturday, from 6:15 a.m. to 5:30 p.m., without a scheduled or uninterrupted break during any shift, for a total of sixty-seven and one-half hours per week.  From mid-March 2020 through the end of his employment on November 2, 2021, Defendants required Plaintiff to work, and Plaintiff did in fact work, five days per week, Monday through Friday, from 7:00 a.m. to 5:30 p.m., without a scheduled or uninterrupted break during any shift, for a total of fifty-two and one-half hours per week.

24.     Throughout the Relevant Period, Defendants paid Plaintiff a flat weekly salary as follows:

      a.  From the beginning of the Relevant Period until mid-March 2019, $600 per week;

      b.  From mid-March 2019 until mid-March 2020, $800 per week;

      c.  From mid-March 2020 until mid-July 2021, $850 per week; and

      d.  From mid-July 2021 through November 2, 2021, $900 per week.

25.     At no time did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, or one and one-half times the applicable minimum wage rate, if greater, for the hours that he worked over forty in a week.  Moreover, from the beginning of the Relevant Period

until mid-March 2020, Plaintiff's flat weekly salary computed to an hourly rate that fell below New York's minimum wage rate.

26.    Additionally, from the beginning of the Relevant Period until mid-March 2020, Defendants required Plaintiff to work, and Plaintiff did work, shifts that exceeded ten hours from start to finish virtually every workday, yet Defendants failed to provide Plaintiff with an additional hour of pay at the applicable minimum wage rate for each of those days of work.

27.    By way of example only, for the week of March 3 through March 9, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

Sunday, March 3, 2019: off;

Monday, March 4, 2019: 6:15 a.m. until 5:30 p.m.;

Tuesday, March 5, 2019: 6:15 a.m. until 5:30 p.m.;

Wednesday, March 6, 2019: 6:15 a.m. until 5:30 p.m.;

Thursday, March 7, 2019: 6:15 a.m. until 5:30 p.m.;

Friday, March 8, 2019: 6:15 a.m. until 5:30 p.m.; and

Saturday, March 9, 2019: 6:15 a.m. until 5:30 p.m.

Thus, Plaintiff worked sixty-seven and one-half-hours during that week.  In exchange, Defendants paid Plaintiff at his weekly salary of $600.00 for all hours of work, which only compensated Plaintiff at an hourly rate of $8.89 per hour, even though the minimum hourly wage in New York City was $15.00 at that time.  Thus, Defendants failed to pay Plaintiff at the minimum wage rate for all hours worked, or at the statutorily-required rate of one and one-half times the minimum wage for the twenty-seven and one-half hours that he worked beyond forty in this week.  Moreover,

Defendants failed to pay Plaintiff an additional one hour's pay at the applicable minimum wage rate for the six days during this week when his shift exceeded ten hours from beginning to end.

28.     Defendants paid Plaintiff on a weekly basis, in cash.

29.     On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff's total hours worked each week, his overtime rates of pay for every hour that he worked in a week over forty, and his spread-of-hours wages owed for that week.

30.     Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

31.     Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

32.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

33.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

37.     Defendants willfully violated the FLSA.

38.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

39.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCRR*

40.     Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

42.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

43.     As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

44.     Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

45.     Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

46.     Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

48.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

49.     As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff who opts into this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

50.     At the least, Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

51.     Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

52.     Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     NYLL § 652(1) and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

54.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

55.     As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

56.     Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

57.     Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

58.     Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

60.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

61.     As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone one that accurately contains all of the criteria that the NYLL requires.

62.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

63.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.   Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.   Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.   Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.   Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.   Pre-judgment and post-judgment interest, as provided by law; and

j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
     June 7, 2022

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:    _____

ANDREW C. WEISS (5560537)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)